PEOPLE ex rel. THOMANN v. CULKIN, Clerk of Court of Special Sessions.

(Supreme Court, Appellate Division, First Department.   October 23, 1908.)

APPEAL AND ERROR (§ 503*)—RECORD—MATTERS TO BE SHOWN BY.
    Revised Greater New York Charter (Laws 1901, p. 602, c. 466) § 1409, subd.
    3, confers exclusive jurisdiction on the Courts of Special Sessions of all
    bastardy proceedings, and provides that the jurisdiction conferred by Code
    Cr. Proc. §§ 838–860, inclusive, shall be exclusively exercised by those courts.
    Section 1414 (page 605) allows defendant an appeal as from a judgment in
    an action prosecuted by indictment. Section 1409, subd. 3, also provides
    that defendant may appeal from an order of filiation, "but that if he exe-
    cutes an undertaking to obey an order of filiation and indemnify the public,
    as provided in Code Cr. Proc. § 851, he cannot appeal from any other part
    of the order than that which fixes the allowance to be paid." *Held,* that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

the clerk of the Court of Special Sessions was justified in refusing to certify a case on appeal in bastardy, where it did not include an indorsement on the paper containing the voluntary examination of the complainant from which it appeared that an undertaking to comply with the order of filiation had been given, and the undertaking itself, as such case did not disclose a fact in the proceedings materially affecting the right to appeal and the jurisdiction of the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2310; Dec. Dig. § 503.*]

Appeal from Special Term.

Mandamus by the people, on relation of Gallus Thomann, to compel Charles W. Culkin, clerk of the Court of Special Sessions of the city of New York, to certify a case on appeal. From an order directing a peremptory writ to issue (113 N. Y. Supp. 581), Culkin appeals. Reversed, and writ vacated.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel (Herman Stiefel, of counsel, and Theodore Connoly, on the brief), for appellant.

Jacob Fromme, for respondent.

CLARKE, J. On the 3d day of December, 1907, one Agnes Ehrman, a single woman, in and by her voluntary examination taken in writing and upon oath before the Court of Special Sessions of the First Division of the City of New York, declared herself to be with child and that said child was likely to be born a bastard and to be chargeable to the city of New York, and that Gallus Thomann was the father of said child. Thereupon such proceedings were had in said court that on the 19th day of December, 1907, said Thomann was adjudged by the Court of Special Sessions the father of the bastard child of which Agnes Ehrman was pregnant, and by an order of filiation, dated the 19th day of December, 1907, the said Thomann was ordered to pay or cause to be paid to the commissioner of public charities of the city of New York the sum of $5 weekly and every week from the day of the birth of said child for and towards the support and maintenance of the said child likely to be born a bastard, and also $10 lying-in expenses. Thereupon the said Thomann entered into an undertaking with two sufficient securities to obey said order of filiation and indemnify the public, as provided in section 851 of the Code of Criminal Procedure. There was indorsed upon the paper containing the voluntary examination of the complainant the entry:

"Undertaking given to comply with order of filiation the 19th day of December, 1907."

From the order of filiation the said Thomann appealed to the Appellate Division of the Supreme Court in the First Department. Thereafter counsel for the defendant in said proceeding presented a case on appeal to the clerk of the Court of Special Sessions for certification. The clerk refused to certify the same, upon the ground that the printed case did not contain the complete judgment roll, in that the indorsement on the voluntary examination of the complainant

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

wherein it appears that an undertaking to comply with the order of filiation was given, and the undertaking to comply with the order of filiation, were not included in the same. Thereupon this proceeding was instituted to procure from the Supreme Court a peremptory writ of mandamus, directed to the clerk of the Court of Special Sessions, commanding him to certify the case on appeal which had theretofore been served upon said clerk and to return the same to the clerk of the Appellate Division. The learned court at Special Term granted said motion, and from the order directing said permptory writ of mandamus to issue this appeal is taken.

Subdivision 3, § 1409, of the Revised Greater New York Charter (chapter 466, p. 602, of the Laws of 1901), provides that the Courts of Special Sessions—

"shall have exclusive jurisdiction in the first instance of all proceedings respecting bastards within the city of New York, and the jurisdiction conferred by sections 838 to 860 inclusive of the Code of Criminal Procedure shall be exclusively exercised within said city by said courts."

Section 1414 of said charter provides that:

"If any judgment or determination made by the said Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment."

Subdivision 3 of section 1409 of said charter also provides that a defendant may appeal from an order of filiation, and proceeds:

"But a defendant who has executed an undertaking to obey an order of filiation and indemnify the public, as provided in section 851 of the Code of Criminal Procedure, cannot appeal from any other part of said order than that which fixes the weekly or other allowance to be paid."

An appellate court reviews the decision of the court appealed from upon the record presented to it. Matters dehors that record are not before the court. The jurisdiction of the Appellate Division to review proceedings in bastardy in the Courts of Special Sessions in the city of New York is expressly limited by the charter provisions hereinbefore set forth, and the right to appeal, which right is entirely statutory, is thereby expressly limited, when an undertaking to obey an order of filiation has been given, to that part of said order which fixes the weekly or other allowance to be paid. No such limitation appears in the record presented for certification to the clerk and directed by the order appealed from to be certified.

One of the necessary papers on file in said court, the voluntary examination of the complainant, upon which the proceedings were instituted, bears the official indorsement setting forth the fact that the undertaking which limits the right to appeal and withdraws from the consideration of this court every question except the amount of the weekly or other allowance to be paid has been given. Such indorsement is a material part of the papers instituting the proceedings and must necessarily be included in the record on appeal. The clerk was justified in refusing to certify a case on appeal which did not disclose a fact in the proceedings materially affecting the right to appeal and the jurisdiction of this court.

The order appealed from should be reversed, and the peremptory writ of mandamus issued thereon vacated and set aside, with $10 costs and disbursements. All concur.